**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| **CARA McMILLAN,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:26-av-99999-CIV** |
| **JEROME BELL,** | |
| **Defendant.** | |

**MOTION TO COMPEL NON-PARTY WITNESS JEROME BELL TO REAPPEAR FOR DEPOSITION AND ASSERT ANY FIFTH AMENDMENT PRIVILEGE ON A QUESTION-BY-QUESTION BASIS, OR, IN THE ALTERNATIVE, FOR AN ORDER TO SHOW CAUSE**

Plaintiff Cara McMillan ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court for an Order compelling non-party witness Jerome Bell ("Bell") to reappear for deposition in response to a duly issued and served subpoena and to answer all non-privileged questions.

As set forth more fully in the accompanying Memorandum in Support, this motion arises from a civil employment discrimination and sexual assault case pending in the United States District Court for the Western District of North Carolina, Statesville Division, captioned *Cara McMillan v. Jefferson Development Corporation, et al.*, Civil Action No. 5:25-CV-099-KDB-DCK. Plaintiff Cara McMillan brings claims against her former employers, Jefferson Landing Golf Resort and Conference Center and James R. Vannoy & Sons Construction Company, under Title VII of the Civil Rights Act of 1964 for hostile work environment and retaliation, and under North Carolina law for negligent hiring, supervision, and retention, and wrongful discharge in violation of public policy. Those claims arise from Defendants' hiring and retention of Jerome Bell

1

despite his violent criminal history and his use of a false name, "Bo Humphries," throughout his employment. On March 25–26, 2023, Ms. McMillan alleges that Bell sexually assaulted her at his company-provided residence on the Jefferson Landing property.

Bell appeared for deposition in Myrtle Beach, South Carolina, was sworn, and then refused to answer any questions at all based on a blanket invocation of the Fifth Amendment. A blanket refusal to answer does not suffice; the privilege must be asserted with sufficient particularity to permit an informed ruling on the claim. *North River Insurance Company, Inc. v. Peter Stefanou*, 831 F.2d 484 (4th Cir. 1987). Because Bell refused categorically to answer any question, Plaintiff requests an Order requiring Bell to reappear and to assert any Fifth Amendment privilege, if at all, on a question-by-question basis. *Id.*

Plaintiff further requests that, if Bell fails to comply with the Court's Order, the Court direct Bell to show cause why he should not be held in contempt, because Rule 45(g) authorizes contempt where a person, having been served, fails without adequate excuse to obey a subpoena or an order related to it. *Dippel v. South Carolina Farm Bureau Mutual Insurance Company*, No. 4:16-cv-01605 (D.S.C. Jul 26, 2019).

In support of this Motion, Plaintiff relies on the accompanying Memorandum in Support, the exhibits attached thereto, and such other matters as may properly come before the Court.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

A.     Compelling non-party witness Jerome Bell to reappear for a virtual deposition on a date to be agreed upon by counsel or set by the Court within fourteen (14) days of the Court's Order;

B.     Requiring Bell to answer all non-privileged questions;

2

C.     Requiring Bell, if he asserts the Fifth Amendment privilege, to do so only in response to specific questions or clearly defined subject areas, rather than by blanket refusal;

D.     Authorizing the parties to contact the Court promptly, if necessary, for a ruling on any specific assertion of privilege that remains in dispute during the continued deposition;

E.     Providing that, if Bell fails to comply with the Court's Order, he shall appear and show cause why he should not be held in contempt; and

F.     Granting such other and further relief as the Court deems just and proper.

Respectfully submitted, this 12ᵗʰ day of June 2026.

THE NOBLE LAW FIRM, PLLC.

*/s/ Victoria Kepes*

Victoria T. Kepes, Esq.
(S.C. Fed Bar No. 13000)
700 Spring Forest Road, Suite 205
Raleigh, NC 27609
Telephone: (919) 251-6008
Fax: (919) 869-2079
Email: vkepes@thenoblelaw.com
*Attorneys for Plaintiff*

3